```
                                            USDC SDNY
                                            DOCUMENT
                                            ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                DOC #: _____
SOUTHERN DISTRICT OF NEW YORK               DATE FILED: 01/25/2011
------------------------------------X
IN RE:                              :
FOSAMAX PRODUCTS LIABILITY LITIGATION :     06 MD 1789 (JFK)
------------------------------------:
This document relates to:           :       MEMORANDUM OPINION
Secrest v. Merck & Co., Inc.,       :           AND ORDER
     No. 06 Civ. 6292 (JFK)         :
------------------------------------X
```

**JOHN F. KEENAN, United States District Judge:**

This is the fourth bellwether case selected for trial as part of the In re Fosamax Products Liability Litigation multidistrict litigation ("Fosamax MDL"). In this case, Linda and Frank Secrest ("the Plaintiffs") seek to hold Merck Sharp & Dohme Corp. ("Merck") liable for damages allegedly resulting from Linda Secrest's use of Fosamax, a drug designed and manufactured by Merck. Specifically, the Plaintiffs claim that Linda Secrest's use of Fosamax caused her to develop osteonecrosis of the jaw ("ONJ") and other related injuries. Trial is currently scheduled to begin on March 14, 2011.

Before the Court is Plaintiffs' motion for reconsideration of that portion of its January 14, 2011 Order that denied Plaintiffs' request to depose Merck's expert witnesses. For the reasons discussed below, the motion is denied.

### I. Background

In anticipation of the trial of individual cases as bellwethers, the parties conducted case-specific discovery in

twenty-five cases. See Case Management Order No. 11 (Cases Selected for Early Trial/Discovery), In re Fosamax Prods. Liab. Litig., No. 06 MD 1789 (S.D.N.Y. Jun. 18, 2007).  The parties have now tried three bellwether cases to verdict, and post-trial motions in two of these cases are pending.  In a fourth case, the Court granted summary judgment in favor of the defendant. Flemings v. Merck & Co., Inc., No. 06 Civ. 7631, 2009 WL 4042769, at *1 (S.D.N.Y. Nov. 23, 2009).  On September 9, 2010, the Court instructed Merck and the Plaintiffs' Steering Committee ("PSC") each to select an additional case from the twenty-five in which discovery had been conducted.  The PSC selected this case, Linda Secrest, et al. v. Merck & Co. Inc., No. 06 Civ. 6292 (S.D.N.Y.), and Merck selected Hester v. Merck & Co., Inc., No. 06 Civ. 9450 (S.D.N.Y.).

Two issues of fact that have been disputed in the course of the Fosamax MDL are general causation (i.e., whether Fosamax causes ONJ) and specific causation (i.e., whether Fosamax caused ONJ in a particular plaintiff).  The qualifications for general causation expert testimony were litigated by Merck and the PSC in an omnibus Daubert motion, see In re Fosamax Prods. Liab. Litig., 645 F. Supp. 2d 164 (S.D.N.Y. 2009), while the parties have generally litigated case-specific Daubert issues in case-specific Daubert motions, see, e.g., Graves v. Merck & Co.,

Inc., No. 06 Civ. 5513, 2010 WL 4273310 (S.D.N.Y. Oct. 22, 2010).

As part of case-specific discovery for this case, the following Merck employees were deposed on the following dates: Dr. Anastasia Daifotis on March 28, 2008; Dr. Arthur Santora on May 7 and 20, 2008; Dr. Alfred Reszka on February 21, 2009; and Dr. Anne de Papp on February 26, 2009. Merck served its MDL-related Rule 26 disclosures on February 20, 2009, and its case-specific Rule 26 disclosures in the Secrest case on December 20, 2010. (Plaintiff's Memo. in Support [Dkt. No. 123], at 2-3.)

On December 3, 2010, Plaintiffs designated two of Linda Secrest's treating physicians, Drs. Marciano and Epstein, as expert witnesses on the topic of specific causation. Although Merck had already deposed Drs. Marciano and Epstein, at the time of their depositions they were only considered as treating doctors and were not yet designated as experts. Subsequently, Merck requested to depose these newly designated experts pursuant to Rule 26 of the Federal Rules of Civil Procedure, but Plaintiffs' counsel objected. On December 22, 2010, the Court received letters from the parties regarding the dispute. Plaintiffs gave no legal argument in support of their refusal to permit the Rule 26 deposition of Drs. Marciano and Epstein, but requested the opportunity to depose additional Merck experts. In its January 14, 2011 Order, the Court ordered the parties to

proceed with the depositions of Drs. Marciano and Epstein, and denied Plaintiffs' request to depose the Merck experts.  On the same day, Plaintiffs filed the instant motion for reconsideration of the Court's January 14, 2011 Order.

## II.  Discussion

### A.  Legal Standard

Under Local Civil Rule 6.3 ("L.C.R. 6.3"), a party seeking reconsideration of a decision must "set[ ] forth concisely the matters or controlling decisions which counsel believes the court has overlooked."  Reconsideration is appropriate only if the court overlooked controlling decisions or facts presented in the underlying motion which, had they been considered, might reasonably have altered the result of the initial decision. See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); Keiser v. CDC Inv. Mgmt. Corp., No. 99 Civ. 12101, 2004 WL 516212, at *1 (S.D.N.Y. Mar. 17, 2004).  The goal of Local Rule 6.3 is "to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." Grand Crossing, L.P. v. U.S. Underwriters Ins. Co., No. 03 Civ. 5429, 2008 WL 4525400, at *3 (S.D.N.Y. Oct. 6, 2008) (quotations omitted); see In re Refco Capital Markets, Ltd. Brokerage Customer Secs. Litig., No. 06 Civ. 643, 2008 WL 4962985, at *1 (S.D.N.Y. Nov. 20, 2008) (a motion for reconsideration "is not

an opportunity for a losing party to advance new arguments to supplant those that failed in the prior briefing of the issue"). Therefore, "[u]nder Local Rule 6.3, a party may not 'advance new facts, issues or arguments not previously presented to the Court.'" E.E.O.C. v. Fed. Express Corp., 268 F. Supp. 2d 192, 199 (E.D.N.Y. 2003) (quoting Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Md., 768 F. Supp. 115, 116 (S.D.N.Y. 1991)).

B.  The Motion for Reconsideration

Plaintiffs' motion is improper because it fails to identify any "matters or controlling decisions which . . . the court has overlooked," as required by L.C.R. 6.3.

Plaintiffs argue that the Court's January 14, 2011 Order was based on an "incorrect factual basis: that Defendant's Rule 26 detailed expert disclosures regarding Merck's employees were served before the fact depositions of those Merck's employees." (Pl.'s Memo. in Support, at 3.)  Despite failing to present any evidence that the Merck employee witnesses' testimony will differ from their prior testimony, the Plaintiffs claim that they "never had the opportunity to depose Merck's employees on the Rule 26 expert disclosure served in the Secrest case," (id.).

Rule 26 of the Federal Rules of Civil Procedure permits a party to "depose any person who has been identified as an expert whose opinion may be presented at trial." Fed. R. Civ. P.

-5-

26(b)(4)(A).  In deciding whether Plaintiffs were entitled to a new deposition in this case, the Court did not base its ruling on the assumption "that Defendant's Rule 26 detailed expert disclosures regarding Merck's employees were served before the fact depositions of those Merck's employees." (Pl.'s Memo. in Support, at 3.)  Rather, the Court based its ruling on Plaintiffs' counsel's numerous opportunities to cross-examine or depose the Merck employee witnesses and a failure of Plaintiffs' counsel to demonstrate any specific areas of Merck's December 2010 Rule 26 disclosures that have not been explored on such occasions.

Merck's Rule 26 disclosure in this case states that its employee witnesses will testify in accordance with their prior testimony in the <u>Fosamax MDL</u> proceedings. (Defendant's Statement Pursuant to Federal Rule of Civil Procedure 26(a)(2) [Dkt. No. 117], at 2, 4, 6, 8, and 9.)  Plaintiffs have had the opportunity to cross-examine or depose the Merck employee witnesses with respect to testimony substantially identical to the testimony Merck intends to offer in this case.  On the other hand, Plaintiffs' proposed experts have never been deposed on their expert conclusions or qualifications.  Plaintiffs' assertion that these situations are "totally analogous" (Pl.'s Memo. in Support, at 3) is without merit.  Plaintiffs' counsel has been given an adequate opportunity to question the

-6-

qualifications and opinions of the witnesses listed in Merck's December 2010 Rule 26 disclosure. This was the basis of the Court's January 14, 2011 Order. Therefore, because the Court did not base its January 14, 2011 Order on any mistaken impression with regard to the facts, Plaintiffs have failed to show adequate grounds for reconsideration.

The efficiency afforded by the MDL process depends on the ability to distinguish between general MDL-related factual and legal determinations and case-specific determinations. Permitting either party the opportunity to re-depose general causation experts at the outset of every bellwether trial would greatly diminish the efficiency of the MDL process.

### III. Conclusion

Because it fails to meet the requirements of Local Rule 6.3, the Plaintiffs' motion for reconsideration of the January 14, 2011 Order is DENIED.

**SO ORDERED.**
Dated:     New York, New York
           January 24, 2011

                                        _____
                                        JOHN F. KEENAN
                                        United States District Judge