UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**IN RE:**

**FOSAMAX PRODUCTS LIABILITY
LITIGATION**

**MASTER FILE
No. 1:06-md-01789-JFK-JCF**

*This document relates to:*
*Linda Secrest v. Merck & Co., Inc.*

*Case No.: 1:06-cv-06292-JFK*

## REPLY MEMORANDUM OF AUTHORITIES
## IN SUPPORT OF
## PLAINTIFF'S MOTION IN LIMINE

LEVIN, PAPANTONIO, THOMAS, MITCHELL,
RAFFERTY& PROCTOR, P.A.

TIMOTHY M. O'BRIEN, ESQ.
Florida Bar No. 055565
316 South Baylen Street, Suite 600 (32502)
P. O. Box 12308
Pensacola, Florida 32591
(850) 435-7084; FAX (850) 435-7020

Counsel for Linda Secrest

COMES NOW LINDA SECREST, Plaintiff herein, and presents this reply memorandum of authorities in support of her motion in limine, showing this Court that it should exclude the following evidence from the trial in this case.

## I.    EVIDENCE OF PRIOR LITIGATION IS INADMISSIBLE.

This Court should exclude reference to and any evidence concerning Linda Secrest's prior malpractice litigation against Dr. Stephen Alexander relating to "ill-fitting crowns and bridges". While the treatment records of Dr. Alexander are admissible for Linda Secrest's medical and dental history, the fact that she filed a malpractice claim for treatment from 1999 to 2001 has no probative value and the potential prejudicial impact would thus far outweigh the probative value. None of Merck's experts will testify that Dr. Alexander violated the standard of care he owed to Linda Secrest.  Evidence of Mrs. Secrest's prior litigation against her dentist Dr. Alexander and the disciplinary proceedings related thereto are collateral matters that should not be relitigated in this case for the bisphosphonate-related osteonecrosis of the jaw which occurred three years after Mrs. Secrest last received any treatment for her teeth from Dr. Alexander.

### A.    Section 768.041 of the Florida Statutes is Substantive Law.

At page 4 of its brief in opposition to Plaintiff's motion in limine, Defendant argues that Florida Statutes Section 768.041(3) is procedural rather than substantive law and this Court, therefore, can ignore the prohibition of evidence of prior litigation.  Defendant, however, overlooks the fact that Section 768.041 is the set-off provision for the Florida Negligence Chapter (and under which arises Defendant's right of set-off set forth in Defendant's Answer Affirmative Defense Number 40).  Without citing any Florida or Eleventh Circuit authority, Defendant argues: "However, that statute is a procedural one, not a substantive one, and therefore

-1-

does not apply in the present case." If that is true, that then begs the question, how does Merck assert a right of set-off when there is no federal substantive right of set-off? The right to set-off and the conditions which attach to that right are set forth in the substantive statute, § 768.401.

Defendant overlooks the fact that Chapter 768 codifies the Florida law of negligence. Florida's evidence code is found at Chapter 90 of the Florida statutes.

As recognized by several decisions from the Eleventh Circuit, Section 768.041 controls the federal courts analysis of matters addressed in the statutes. *See, e.g., KMS Restaurant Corp. vs. Wendy's Internat'l, Inc.*, 194 Fed.Appx. 591, 598 (11th Cir. 2006) (applying Florida law which holds that set-off is not an affirmative defense to be considered by the jury but is a determination regarding damages to be made by the court after the verdict is reached); *Williams v. Arak Hirotake, Ltd.*, 931 F.2d 755, 759 (11th Cir. 1991) (11th Cir. 1991) (holding that the Florida release statute governed how the trial court was to interpret the applicability of language in a liability release); *Scheib v. Florida Sanitarium & Benev. Ass'n*, 759 F.2d 859, 863 (11th Cir. 1985) (holding that district court properly applied § 768.041(2) in the context of adjudicating the applicable set-off in the case).

Further, the substantive provisions of Section 768.041 does not offend the Federal Rules of Evidence as Federal Rule of Evidence 408 bars the admission of evidence settlements with other entities. *See, e.g., In re Homestore.com, Inc.*, 2011 WL 291176, *1 (C.D. Cal. 01/25/11); *see also Young v. Verson Allstate Press Co.*, 539 F.Supp. 193, 195-96 (E.D. Pa. 1982). "It is well established that settlement that statements made for the purposes of settlement negotiations are inadmissible and Rule 408 of the Federal Rules of Evidence extends that exclusion to completed compromises when offered against the compromiser." *Playboy Enterprises, Inc. v.*

*Chuckleberry Pub., Inc.*, 486 F.Supp. 414, 423 n.10 (S.D.N.Y. 1980) (Sofaer, J.); *see also* Fed.

R. Evid. 408, advisory committee note; *and McInnis v. A.M.F., Inc.*, 765 F.2d 240 (1st Cir. 1985)

(excluding, pursuant to Rules 408, evidence of plaintiff's settlement agreement with third party);

*see also Highland Capital Management, L.P. v. Schneider*, 551 F. Supp.2d 173, 199 (S.D.N.Y.

2008) (Leisure, J.) (excluding, pursuant to Rules 403 and 408, evidence of plaintiff's settlement

agreement with third party).

Further, the fact of the matter is that Mrs. Secrest alleges that Fosamax caused her

osteonecrosis of the jaw.  No expert has testified or will testify that Dr. Alexander caused Mrs.

Secrest to develop osteonecrosis of the jaw.  Therefore, the relevance of the prior litigation is

simply to attack Mrs. Secrest's character as litigious and to improperly influence the jury that Dr.

Alexander is somehow responsible for the osteonecrosis of the jaw that Mrs. Secrest developed,

even though no expert will so testify.

For the foregoing reasons, Merck should not be permitted to offer any evidence or

testimony concerning the fact that Mrs. Secrest filed suit against Dr. Alexander or that the suit

was subsequently settled.

### B.   Second Circuit Authority Consistently Holds that Evidence of Prior Litigation is Inadmissible.

In response to Plaintiff's motion on this point, Defendant argues to this Court that the

Florida case and statutes are of no moment to the analysis and that it should solely follow the

Federal Rules of Evidence.

While Defendant cited *United States v. McKeon*, 738 F.2d 26, 31 (2nd Cir. 1984), for the

proposition that pleadings are admissible in subsequent litigation, that was dicta in *McKeon*

which was considering the admissibility of an attorney's opening statement in a prior criminal

trial for a criminal defendant in a subsequent trial of the same case.  When Courts in the Second

Circuit have actually addressed head-on the admissibility of evidence of prior litigation, they

have routinely found the evidence to be inadmissible under Federal Rules of Evidence 403 and

404.  *See, e.g., United States Football League v. National Football League*, 842 F.2d 1335,

1372-73 (2nd Cir. 1988) (holding under FRE 403 evidence pertaining to prior lawsuits presented a

risk of unfair prejudice which outweighed the probative value); *see also Eng v. Scully*, 146

F.R.D. 74, 79 (S.D.N.Y. 1993) (Lowe, J.) (excluding evidence of plaintiff's prior litigations) *and*

*Greenfield v. City of New York*, 2000 WL 124992, *11 (S.D.N.Y. 2000) (Peck, Mag.J.) (same).

Further, Second Circuit authority clearly holds that Rule 404(b) (evidence of other crimes,

wrongs, or acts) mandates exclusion of prior litigation for purpose of proving litigiousness.

"Litigiousness is the sort of character trait with which Rule 404(b) is concerned." *Outley v. City*

*of New York*, 837 F.2d 587, 592 and 592-95 (2nd Cir. 1988) (reversing judgment for defense

where trial court erroneously admitted evidence showing that plaintiff had filed prior suits and

defendants argued about those prior suits); *see also Raysor v. Port Authority of New York and*

*New Jersey*, 768 F.2d 34, 40 (2nd Cir. 1985) (precluding evidence of a *pro se* litigants extensive

litigation on other matters as whatever slight probative value existed was outweighed by the

substantial danger of jury bias against a chronic litigant).

  Mrs. Secrest's lawsuit against her former dentist, Dr. Alexander, is not relevant to this

case.  Quite simply, the fact that Mrs. Secrest filed suit against Dr. Alexander does not make it

more or less probable that Fosamax caused Mrs. Secrest's osteonecrosis of the jaw. This Court

has consistently prohibited testimony concerning the Vioxx litigation where Merck was a

-4-

defendant on relevancy grounds. (Boles I MIL Hrg. Tr., p. 479, Exh. 5 to Plaintiff's Memo. in Supp, of MIL). Further, this Court has stridently endeavored to ensure that Merck's other Fosamax litigation cases are not referenced in front of the jury, including issuing a show-cause order to co-counsel in the Boles II trial relating to same. (Boles II Trial TR, pp. 230, 984-86, Exh. 6 hereto; 07/07/10 Order to Show Cause, p. 2, Exh. 7 to Plaintiff's Memo. in Supp. of MIL.) Therefore, the inclusion of evidence of litigation against a non-party poses the risk of turning the trial into a "multi-ringed sideshow of mini-trials on collateral issues." *Park West Radiology, et al. vs. CareCore Nat'l LLC*, 547 F.Supp.2d 320, 322 (S.D.N.Y. 2008) (Marrero, J.).

The fact of the matter is that Mrs. Secrest alleges that Fosamax caused her osteonecrosis of the jaw. No expert has testified or will testify that Dr. Alexander caused Mrs. Secrest to develop osteonecrosis of the jaw. Therefore, the relevance of the prior litigation is simply to attack Mrs. Secrest's character as litigious and to improperly influence the jury that Dr. Alexander is somehow responsible for the osteonecrosis of the jaw that Mrs. Secrest developed, even though no expert will so testify.

For the foregoing reasons, Merck should not be permitted to offer any evidence or testimony concerning the fact that Mrs. Secrest filed suit against Dr. Alexander or that the suit was subsequently settled.

## II. THE EVIDENCE OF THE FLORIDA DEPARTMENT OF HEALTH DISCIPLINARY ACTION AGAINST DR. ALEXANDER IS IRRELEVANT AND LIKELY TO CONFUSE THE JURY.

In its opposition to Plaintiff's motion in limine, Defendant argues that Plaintiff has waived any complaint about Dr. Betts' use of the Florida Department of Health Disciplinary Action because it was not presented in Plaintiff's *Daubert* motion.

-5-

Plaintiff's current motion, however, is not presented under Rule 702 (just as presumably Defendant's numerous expert subparts in its current motion in limine are not) but rather Federal Rules of Evidence 401, 403 and 802. In this case, it is evident that Dr. Betts is being used a mere conduit through which Merck hopes to admit the testimony of Dr. Alexander's dealings with the Florida Department of Health. These documents have no relevance because Dr. Betts is not opining that Dr. Alexander violated the standard of care owed to Mrs. Secrest, and is not testifying that Dr. Alexander caused her osteonecrosis of the jaw.

Accordingly, Merck should not be permitted to offer any testimony or evidence related to the disciplinary action taken by the Florida Department of Health against Dr. Alexander as the disciplinary documents are not relevant to the facts at issue in this case and are hearsay without exception. Finally, even if this information is found to be otherwise admissible, it should be excluded because it is unduly prejudicial and has extremely limited probative value.

The stipulated agreement, complaint, and all other documentation created as a part of the disciplinary proceedings against Dr. Alexander are inadmissible hearsay. Mrs. Secrest anticipates that Merck will attempt to use the disciplinary documents from the Department to prove the truth of the matter asserted therein; namely that Dr. Alexander performed substandard dental work on Mrs. Secrest. As these documents do not meet any of the recognized hearsay exceptions, they must be excluded. <u>In its opposition brief, Defendant has made absolutely no attempt to address how these clearly hearsay documents are admissible in light of the Rule 802 prohibition against the admission of hearsay evidence.</u>

The sole arguments Defendant presents is that the Secrest motion is untimely and that the documents are relevant. However, even relevant evidence must satisfy the other provisions of

the Federal Rules of Evidence. Because the documents are hearsay, and Defendant has presented

no argument or evidence that a hearsay exception is met, this Court should exclude the evidence

even if it is relevant.

Defendant's proffered evidence, however, is not relevant to the issues in this case.

The treatment at issue in the disciplinary proceedings involved purely dental (i.e.,

crowns) procedures performed by Dr. Alexander between 1999 and 2001. (Administrative

Complaint, p. 2). This spans a time period that is 3 to 5 years before the osteonecrosis or

osteomyelitis diagnosis dates postulated by Merck's expert. (Betts depo., pp. 33-34, 93). As

such, disciplinary action taken by the Department as a result of procedures performed several

years prior to the injury at issue in this case is simply not relevant. Merck's experts have refused

to independently opine that Dr. Alexander violated the standard of care and that any such

violation of the standard of care caused the osteonecrosis of the jaw and osteomyelitis

complained-of by Linda Secrest in the current case.

Further, even if the evidence is (1) relevant and (2) meets a Rule 803 hearsay exception, it

the risk of unfair prejudice and confusing the jury is so profound that it must be excluded. *See*

*Tulloss v. Near N. Montessori Sch., Inc.,* 776 F.2d 150, 152-55 (7th Cir. 1985) (holding district

court appropriately to refuse to admit EEOC findings of reasonable cause where the evidence

available to the EEOC was also available to the parties in litigation); *Young v. James Green*

*Management Inc.,* 327 F.3d 616, 623-25 (7th Cir. 2003) (finding no probative value in EEOC

reasonable cause findings where information used as basis of those findings was otherwise

available to the jury during trial).

The jury is also likely to be confused about the import of the administrative documents

-7-

and is likely to give undue weight to the stipulation and the factual allegations and legal conclusions within the administrative complaint. This Court should therefore exclude the evidence. *See City of New York v. Pullman, Inc.,* 662 F.2d 910, 915 (2nd Cir. 1981) (holding administrative report of Urban Mass Transit Administration was properly excluded under FRE 403 "because the likelihood that it would confuse the jury and protract the proceedings outweighed its probative value.").

Further compounding the likelihood of confusion by the jury is the fact that Merck's own experts, Dr. Betts and Dr. Gruber, have no independent opinion concerning whether Dr. Alexander violated the standard of care in his treatment of Mrs. Secrest. (Betts depo., pp. 70-73; Gruber depo., p. 41). Thus if record evidence is admitted concerning the disciplinary proceedings involving Dr. Alexander, Merck's own experts are not in a position to comment upon those conclusions and the disciplinary proceedings records are not subject to cross-examination. This would mean that there would be no witness offered by Merck to explain the significance, if any, of these documents leaving the jury to wonder why they are reviewing these records.

Therefore, this Court should exclude this evidence.

## CONCLUSION

For the foregoing reasons, Plaintiff Linda Secrest respectfully requests this Court grant Plaintiff's Motion in Limine and enter an Order excluding in limine the lines of evidence and argument discussed above.

* * *

RESPECTFULLY SUBMITTED, this 23ᵈ day of August, 2011.

LEVIN, PAPANTONIO, THOMAS, MITCHELL,
RAFFERTY& PROCTOR, P.A.

TIMOTHY M. O'BRIEN, ESQ.
Florida Bar No. 055565
316 South Baylen Street, Suite 600 (32502)
P. O. Box 12308
Pensacola, Florida 32591
(850) 435-7084; FAX (850) 435-7020

Counsel for Linda Secrest

-9-

## CERTIFICATE OF SERVICE

On this 23d day of August, 2011, I certify that I filed by ECF and sent by first

class U.S. Mail a copy of the foregoing to the following:

VENABLE LLP                          HUGHES HUBBARD & REED LLP
Paul F. Strain, Esq.                 Norman C. Kleinberg
M. King Hill, III, Esq.              Theodore V.H. Mayer
David J. Heubeck, Esq.               William J. Beausoleil
750 E. Pratt Street, Suite 900       One Battery Park Plaza
Baltimore, MD 21202                  New York, NY 10004

LEVIN, PAPANTONIO, THOMAS, MITCHELL,
RAFFERTY & PROCTOR, P.A.

TIMOTHY M. O'BRIEN, ESQ.
Florida Bar No. 055565
316 South Baylen Street, Suite 600 (32502)
P. O. Box 12308
Pensacola, Florida 32591
(850) 435-7084; FAX (850) 435-7020

Counsel for Linda Secrest

-10-