```
                                              ┌──────────────────────────────┐
                                              │ USDC SDNY                    │
                                              │ DOCUMENT                     │
UNITED STATES DISTRICT COURT                  │ ELECTRONICALLY FILED         │
SOUTHERN DISTRICT OF NEW YORK                 │ DOC #: _____     │
-----------------------------------------X    │ DATE FILED:  August 30, 2011 │
IN RE:                                    :   └──────────────────────────────┘
FOSAMAX PRODUCTS LIABILITY LITIGATION     : No. 06 MD 1789 (JFK)
-----------------------------------------:
This document relates to:                 :   MEMORANDUM OPINION
Secrest v. Merck & Co., Inc.,             :       AND ORDER
     No. 06 Civ. 6292 (JFK)               :
-----------------------------------------X
```

**JOHN F. KEENAN, United States District Judge:**

This is one of over 900 cases consolidated before this
Court for coordinated pretrial proceeding in the In re Fosamamx
Products Liability Litigation multidistrict litigation.  This
case is set for trial on September 7, 2011, and today the Court
heard oral argument and issued rulings on the parties' in limine
motions.[1]  The Court reserved decision on plaintiff Linda
Secrest's ("Secrest") motion to preclude defendant Merck Sharp &
Dohme Corp. ("Merck") from introducing testimony or evidence
about disciplinary proceedings against Dr. Steven Alexander
conducted by the Florida Department of Health.

Dr. Alexander was Secrest's dentist and performed a number
of procedures on her prior to 2002.  As a result of his
treatment of Secrest, an administrative complaint was filed
against Dr. Alexander with the Florida Department of Health.
Dr. Alexander settled this complaint with the Florida Department

---

[1] The facts of this case are fully explained in my Opinion and
Order addressing Merck's summary judgment motion and the
parties' Daubert motions of today's date.

of Health and in doing so, admitted certain allegations

regarding the manner in which he treated Secrest.

In this case, Secrest contends that she developed

osteonecrosis of the jaw in June 2004 as a result of her use of

Fosamax.  Merck contends that Secrest's injuries are

attributable to her chronic history of infections rather than

her use of Fosamax, and intends to introduce opinion testimony

from Dr. Norman Betts in support of its theory that Dr.

Alexander's treatment caused Secrest to experience an infection

that led to her injuries.  In Merck's view, Dr. Betts based his

expert opinion in part on factual admissions made by Dr.

Alexander in his settlement with the Florida Department of

Health.

Plaintiff argues that the statements are inadmissible

hearsay and that informing the jury about the disciplinary

proceeding would be unfairly prejudicial while having little

probative value. Fed. R. Evid. 403, 802.

The Court grants this motion in part and denies it in part.

These statements are admissible despite the Hearsay Rule because

Dr. Betts has based his opinion testimony on these admissions,

and because medical experts often rely on statements made by

treating physicians about a course of treatment. Fed. R. Evid.

703.  The admission of this evidence will not be unfairly

prejudicial because the Court issues the following limiting

-2-

instruction:  Merck may not refer to the Florida Proceedings as disciplinary in nature but may introduce factual admissions made by Dr. Alexander in his settlement with the Department of Health that form the basis of Dr. Norman's opinion on the causation of Secrest's alleged injuries.  (See Df.'s Mem. Opp. Pl.'s Mots. in Limine 7-8, ECF No. 204.)  Merck may not refer to the fact that these statements were made in a disciplinary proceeding or to whether Dr. Alexander was determined to have failed to meet "prevailing peer performance standards." (Pl.'s Mem. Supp. Pl.'s Mots. in Limine 14, ECF No. 195.)  Both parties are directed to refer to the Dr. Alexander's statements--if at all--simply as "statements made in another proceeding in Florida."

**SO ORDERED.**

Dated:     New York, New York
           August 30, 2011

                                    _____
                                         JOHN F. KEENAN
                                    United States District Judge